United States District Court
Southern District of Texas
**ENTERED**
August 03, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARYL EUGENE WALKER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. H-22-2522 |
| | § | |
| TDCJ, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff is a former or current Harris County pretrial detainee awaiting trial on charges for evading arrest or detention.[1] He filed the instant *pro se* complaint under 42 U.S.C. § 1983 against the Texas Department of Criminal Justice ("TDCJ") and three prison units. Plaintiff seeks leave to proceed *in forma pauperis*.

Having considered the complaint, matters of public record, and the applicable law, the Court **DISMISSES** this lawsuit for the reasons shown below.

**I. BACKGROUND AND CLAIMS**

Plaintiff states that he was convicted of robbery in Harris County, Texas, and sentenced to a twenty-five-year term of incarceration on August 12, 1996. He was subsequently convicted of assault on a public servant in Coryell County, Texas, and

---

[1] Although plaintiff was released on pretrial bond on May 13, 2022, public online records for the Harris County District Clerk's Office show that the bond was revoked on June 10, 2022. A capias warrant for his re-arrest was issued that same date. *State v. Walker*, Case No. 240711001010, in County Criminal Court at Law No. 7 of Harris County, Texas.

sentenced to an additional three-year term. Plaintiff complains that his sentence expired at some point in 2019, but that TDCJ did not release him from confinement. Plaintiff does not state the date he was released from TDCJ. He seeks monetary compensation in the amount of "23 million and 7 billion."

## II. ANALYSIS

A. *Heck* Bar

Plaintiff filed an earlier civil lawsuit with this Court in April 2021, raising the complaint that TDCJ did not release him upon expiration of his sentence in 2019. In the earlier lawsuit, plaintiff alleged that his sentence expired on December 22, 2019. *See Walker v. Polk*, C.A. No. H-21-1377 (S.D. Tex.) (Complaint, p. 18). The Court in that case reviewed the TDCJ's public online prisoner records, and noted that plaintiff's anticipated release date was August 20, 2021. The Court dismissed the lawsuit as frivolous on June 1, 2021, pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

Plaintiff's claim in the instant lawsuit is essentially the same claim raised in his earlier 2021 lawsuit. Public online records for the Texas Court of Criminal Appeals show that plaintiff did not file any state habeas proceedings challenging the execution or calculation of his sentence. Further, plaintiff does not allege or show that his continued incarceration after any particular date in 2019, or the calculation of his sentence, has been reversed, invalidated, or otherwise set aside. Consequently, plaintiff's claims for monetary damages

based on his allegedly unlawful confinement remain barred by *Heck* and must be dismissed. *See Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019).

B. Limitations

Even if plaintiff's claims were not currently barred by *Heck*, his claims are barred by the applicable two-year statute of limitations governing claims under section 1983.

The statute of limitations for a claim brought under section 1983 in Texas is two years because "[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). However, "the particular accrual date of a federal cause of action is a matter of federal law." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 762 (5th Cir. 2015). "[U]nder federal law, a claim accrues and the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Id*.

Here, plaintiff complains that he was not released from prison when his sentence expired at some point in 2019. As noted above, plaintiff alleged in his earlier lawsuit that his sentence for the robbery conviction expired on December 22, 2019. Thus, he was aware on that date that he had not been released from prison. Limitations commenced on December 22, 2019, and expired two years later, on December 22, 2021. Plaintiff did not file the instant

lawsuit until July 27, 2022, after expiration of limitations. Consequently, plaintiff's claims are barred by the applicable two-year statute of limitations.

### III.  CONCLUSION

Plaintiff's claims are **DISMISSED WITH PREJUDICE** to being reasserted again until the *Heck* conditions are met. Any and all pending motions are **DISMISSED AS MOOT**.

Signed at Houston, Texas, on this the 1st day of August, 2022.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE